IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE UNDERWOOD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Case No. 05-396-JLF |
| ) | |
| DON HULICK, Warden, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

Pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), this Court makes the following Report and Recommendation regarding respondent's motion to dismiss the above-captioned petition for writ of habeas corpus **(Doc. 20)**.

Petitioner George Underwood initiated the above-captioned action for writ of habeas corpus in June, 2005. **(Doc. 1).** At this juncture, the amended petition filed July 18, 2005, **(Doc. 9)** controls. Pursuant to 28 U.S.C. § 2255, petitioner attacks his January 22, 1997, conviction of two charges of possessing a weapon in a penal institution, for which he was sentenced to two concurrent six year terms of imprisonment. The original petition and subsequent filings, including petitioner's response to the subject motion to dismiss, indicate that petitioner also received a prison disciplinary conviction for the same conduct, which resulted in petitioner losing six months of good time credit and being transferred to a maximum security institution. **(*See* Docs. 1, 6, 7 and 21; *see also* Doc.**

1

**20-2, p. 14).** Petitioner prays that he be discharged, and that he receive $15,500,000.00 in compensation. **(Doc. 9, p. 13).**

As a preliminary matter, it is important to note exactly what the subject of this action concerns. For reasons fully set forth in this Court's June 14, 2006, order **(Doc. __ )**, the most recent petition **(Doc. 9)**, filed July 18, 2005, controls– as opposed to three petitions filed earlier **(Docs. 1, 6 and 7)**. Although petitioner rails against the prison prosecution and officials involved (raising allegations of the sort usually seen in a civil rights petition under 42 U.S.C. § 1983), the petition is clearly directed *only* at the aforementioned 1997 state criminal conviction, not the prison disciplinary action. **(*Compare* Doc. 9 *with* Docs. 1, 6, 7 and 21).**

Citing an unsuccessful 2003 petition, *Underwood v. Simpson*, 03-78-GPM (S.D.Ill. 2003), respondent moves to dismiss the petition pursuant to 28 U.S.C. § 2244(b)(3)(A), which provides that second or successive petitions cannot be filed in the district court until petitioner has moved in the appropriate appellate court to authorize the district court to consider the application for writ of habeas corpus. **(Doc. 20).** Petitioner's response does not address Section 2244 and makes no reference to a prior petition. **(Doc. 21).**

Although the 2005 petition indicates that this is not a second or successive petition **(Doc. 9, page 11)**, a search of the Court's own records reveals the 2003 action referenced by respondent. A comparison of the 2003 and 2005 petitions shows that they are virtually identical, except for the addition in the 2005 petition of a few additional and irrelevant check marks, and the addition of the prayer for discharge from prison. **(*Compare Underwood v. Simpson*, 03-78-GPM, Doc. 12 *with Underwood v. Hulick*, 05-396, Doc. 9).** The same 1997 convictions are attacked in each case.

Further review of the record in the present action does not reveal any authorization from the Court of Appeals for the Seventh Circuit to entertain this obviously successive petition.  Therefore, dismissal is warranted pursuant to 28 U.S.C. § 2244(b)(3)(A).  The petition form filled out by petitioner clearly warns that failure to attach the authorization order from the appellate court will result in automatic dismissal of the petition.  **(Doc. 9, p. 11).**  In addition, dismissal is appropriate in accordance with 28 U.S.C. § 2244(b)(1)A), which directs that any claim also presented in a prior petition shall be dismissed.

### Recommendation

For the aforestated reasons, it is the recommendation of this Court that respondent's motion to dismiss (Doc. 20) be granted, and George Underwood's Section 2254 petition for writ of habeas corpus be dismissed with prejudice.

**DATED:  June 14, 2006**

                                        **s/ Clifford J. Proud**
                                        **CLIFFORD J. PROUD**
                                        **U. S. MAGISTRATE JUDGE**

### Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **July 1, 2006**.